■ SHELDON H. SOLOW, Doing Business as SOLOVIEFF GALLERY CO., Appellant, v KARL C. WELLNER et al., Respondents. —Order, Appellate Term, First Department (Stanley Parness, Edith Miller, William McCooe, JJ.), entered August 11, 1989, which affirmed an order of the Civil Court, New York County (Louis York, J.), entered April 4, 1989, denying petitioner's motion for recusal of the trial court and declaration of a mistrial, unanimously affirmed, with costs and disbursements.

This appeal arises out of approximately 65 nonpayment proceedings brought against residential tenants. The proceedings were instituted in October 1987 and a consolidated trial began in December 1988. On February 1, 1989, due to the outrageous conduct of petitioner's trial counsel, the court disqualified him. The court noted that it might be influenced by counsel's personality, which might prejudice counsel's client. Up to this point, however, as is undisputed, no decisions or rulings had been so influenced.

Petitioner and his trial counsel thereafter brought a CPLR article 78 proceeding seeking reinstatement of counsel and disqualification of the Trial Judge. The petition was granted only to the extent of reinstating trial counsel. Once the trial resumed, petitioner moved the court to recuse itself. The court denied the application and stated that it could be impartial toward the landlord. Petitioner appealed to the Appellate Term and a divided panel affirmed the trial court's determination. We affirm.

It is not enough for petitioner to request recusal based on the fact that the trial court's state of mind toward petitioner's attorney might affect future proceedings. Unless the moving party can point to an actual ruling which demonstrates bias, which petitioner cannot do here, an appellate court will not substitute its discretion for that of the trial court. *(See, Matter of Katz v Denzer,* 70 AD2d 548.)

To allow trial counsel's argumentative tactics, which we view as an obvious effort to provoke a disqualification and resultant mistrial, to succeed, would be to reward him for his wrongdoing and grant him a " 'license under which the judge would serve at [his] will.' " *(People v Diaz,* 130 Misc 2d 1024, 1028, quoting *Davis v Board of School Commrs.,* 517 F2d 1044,

1050, *cert denied* 425 US 944.) Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ. *[See,* 142 Misc 2d 383.]