■ CITY OF NEW YORK et al., Respondents, and DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Intervenors-Respondents, v NEW SAINT MARK'S BATHS et al., Appellants, et al., Intervenors-Defendants.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered on March 28, 1990, which, *inter alia,* permanently enjoined defendants from maintaining a public nuisance on the premises of The New Saint Mark's Baths, unanimously affirmed, without costs.

Previously, in this action to permanently enjoin high-risk sexual activity in a gay bathhouse, we affirmed orders which preliminarily enjoined such activity (130 Misc 2d 911, *affd* 122 AD2d 747, *appeal dismissed* 70 NY2d 693) and which directed closure of the premises (139 AD2d 977). Defendants eventually sought to resolve this action by waiving their right to a hearing and consenting to the entry of a permanent injunction. Both plaintiffs and defendants submitted proposed orders. Justice Nardelli signed plaintiffs' proposed order which provided that The New Saint Mark's Baths could reopen a year from the effective date of the order (Sept. 29, 1989), prohibited defendants from maintaining private rooms which are not continuously open to visual inspection, and imposed penalities totaling $29,000.

Defendants now argue that a right to privacy prohibits regulation of gay sexual activity in private rooms on the premises. *People v Onofre* (52 NY2d 476, *cert denied* 451 US 987), on which defendants rely, clearly applies only to private conduct in a noncommercial setting *(see, Stratton v Drumm,* 445 F Supp 1305, 1309 [DC Conn 1978]), and affords no support for the proposition that privacy rights extend to

sexual activity occurring on these premises (see, Garaci v City of Memphis, 379 F Supp 1393).

The fines and costs imposed are appropriate under the circumstances. We have considered the remaining arguments and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Ross, Ellerin and Rubin, JJ.