Kristin Booth Glen, J.
(concurring). LeFlore was trial counsel to Finkelstein, Borah, Schwartz, Altschuler and Gold-stein, P. C. (Finkelstein, Borah), a presumably volitional arrangement. A Finkelstein, Borah partner was present throughout the proceedings which have by now been roundly criticized by numerous courts including the Appellate Division. (See, e.g., Solow v Wellner, 157 AD2d 459 [1st Dept 1990].) At no time did Finkelstein, Borah seek to terminate the relationship, or to control LeFlore.[1] To the contrary, it provided support staff which permitted LeFlore, on its behalf, and on behalf of its client, to engage in an outrageous and indefensible waste of court time and the time and resources of the tenants.
By virtue of its relationship and its acquiescence in (if not its encouragement of) LeFlore’s tactics, I would, if not constrained by the language of 22 NYCRR part 130,[2] uphold the imposition of sanctions against Finkelstein, Borah. To do otherwise sends a clear message to law firms which seek to use intimidation and delay against their opponents that trial counsel such as LeFlore[3] may be safely retained to do their "dirty work,” without fear of vicarious liability.
It is interesting to note that the Federal courts were, until recently, confronted with the same limitation on their ability to impose vicarious liability on firms which employed or utilized obstructive counsel. (See, Pavelic & LeFlore v Marvel Entertainment, 493 US 120 [construing Fed Rules Civ Pro rule 11 to exclude sanctions against law firm of attorney signing groundless complaint].) In response to that decision, rule 11 was amended to presumptively impose such liability for sanc *570 tians, now reading: "Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates and employees.” (Fed Rules Civ Pro, rule 11 [c] [1] [A], as amended Apr. 22, 1993, eff Dec. 1, 1993; see, Advisory Committee Notes, rule 11, reprinted in USCS Court Rules, at 135 [1994 Cum Supp].)
Adoption of a similar provision in 22 NYCRR part 130 would close the loophole which Congress recognized on the Federal level after its review of the prior unsatisfactory limitations on the application of rule 11. Presumptive vicarious liability of law firms for sanctions would further the goals of 22 NYCRR part 130, insure greater judicial control and more effectively enforce the obligation of counsel to act appropriately, as officers of the court. Until such amendment, however, I must reluctantly join the majority in reversing the sanctions imposed on Finkelstein, Borah below.

. Significantly, both Supreme Court and appellate criticism of LeFlore’s behavior occurred during the seemingly endless trial. Thus Finkelstein, Borah was on notice of the seriousness of its trial counsel’s behavior which, the record clearly demonstrates, continued unabated if not actually increased.

. As the majority opinion appropriately notes, 22 NYCRR part 130 must be narrowly, not expansively, construed. Since 22 NYCRR 130-1.1 (b) speaks in the disjunctive, i.e., "Where the * * * sanction is against an attorney, it may be against the attorney personally or upon a partnership, firm”, there is no basis for the imposition of vicarious liability as well as a sanction on the actually offending attorney. Thus, having approved sanctions against LeFlore, there is no "power to impose sanctions against any other entity.

. This is not the first instance in which LeFlore has apparently been engaged by a law firm in a manner which results in sanctions to him, but not to it. (See, Pavelic & LeFlore v Marvel Entertainment, 493 US 120 [1989].)