■ PAUL CONTI et al., Respondents, v HERBERT CITRIN, Appellant. [657 NYS2d 678] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered on or about April 24, 1996, which granted plaintiffs' motion for a supplemental judgment awarding attorneys' fees incurred in postjudgment proceedings to the extent of setting the matter down for an evidentiary hearing, and denied defendant's cross motion for recusal of the IAS Justice, unanimously affirmed, with costs.

Defendant's claim that laches bars plaintiffs' right to recover attorneys' fees incurred by reason of postjudgment proceedings or further appeals, specifically recognized in the judgment of February 1, 1990, without limitation on the time in which to make such an application, was properly rejected for failure to show a disadvantageous change in situation or other prejudice directly attributable to the delay (*see, Seligson v Weiss*, 222 App Div 634, 637-638). Concerning the recusal motion, which was based on the IAS Justice's participation as a subpoenaed witness in defendant's separate action against plaintiff for an alleged assault that took place in the Justice's robing room, "[t]his discretionary decision [was] within the personal conscience of the court", "the sole arbiter of discretion" absent a legal disqualification under Judiciary Law § 14 (*People v Moreno*, 70 NY2d 403, 405), and should not be disturbed "[u]nless the moving party can point to an actual ruling which demonstrates bias", which defendant does not do (*Solow v Wellner*, 157 AD2d 459). Concur—Murphy, P. J., Wallach, Tom and Mazzarelli, JJ.