■ JEANNETTE YANNITELLI et al., Respondents, v D. YANNITELLI & SONS CONSTRUCTION CORP. et al., Defendants. KENNETH HELLER, Nonparty Appellant. [668 NYS2d 613] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered October 3, 1996, which, *inter alia*, declared any fee for legal services by appellant Kenneth Heller, Esq., plaintiff's former attorney, to be forfeited by reason of violations of the Code of Professional Responsibility, unanimously affirmed, with costs.

The court's denial of recusal was a proper exercise of discretion. We find no merit to appellant's argument that a mandatory statutory basis for disqualification arose in this case (see, Judiciary Law § 14). In the absence of statutory grounds, the decision upon a recusal motion is a discretionary one "within the personal conscience of the court" (*People v Moreno*, 70 NY2d 403, 405), and should not be disturbed "[u]nless the moving party can point to an actual ruling which demonstrates bias", which appellant does not do here (*Solow v Wellner*, 157 AD2d 459; see also, *Scott v Brooklyn Hosp.*, 93 AD2d 577, 580).

The penalty of forfeiture of the contingent legal fee was not excessive. Contrary to appellant's contention, we perceive no meaningful distinction between this case and cases where the

attorney was formally discharged. Where, as here, the attorney has admitted committing numerous violations of the Code of Professional Responsibility in this case over a period of years, we agree that the attorney has, as a result, forfeited any entitlement to fees (*see, Pessoni v Rabkin*, 220 AD2d 732; *Matter of Winston*, 214 AD2d 677). There were no material disputed factual issues requiring an evidentiary hearing. The undisputed and conceded facts presented to the court over the course of the underlying litigation warranted forfeiture.

We have considered appellant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Williams, Mazzarelli and Andrias, JJ.