OPINION OF THE COURT
Paul E. Kowtna, J.
Application of the defendant, by counsel, requesting recusal of this court over the sentencing proceedings of the defendant, is determined as hereinafter provided.
*371 Background
Following a five-day jury trial, the defendant, David Page, was convicted of four counts of robbery in the first degree and eight counts of robbery in the second degree. Following the rendering of the verdict, the court excused the jury and prepared to set a sentence date. At that time, a disturbance occurred in the courtroom, involving both the defendant and County Court Court Officers. As a result, the defendant was subsequently charged with several counts of assault in the second degree.
A date of sentence was set by the court for January 11, 2000. However, this court received a letter dated January 5, 2000 from defense counsel requesting the court recuse itself from further conduct in this matter. The primary focus of the defendant’s argument concerns the court’s viewing of the courtroom disturbance and its potential as impact upon the court, considering I may be called as a witness to the separate assault trial.
An oral argument was held on January 11, 2000. Thereafter the court adjourned the matter to review case law and render a decision.
The Law
Statutes covering judicial disqualification and recusal are scattered throughout the law of New York State. However, the one statute that provides specific guidelines is section 14 of the Judiciary Law, under which a Judge’s first consideration is the parties before the court.
According to Judiciary Law § 14, a Judge may neither take part, nor sit, in the decision “of, an action, claim, matter, motion or proceeding” when any of the following factors exist: (1) the Judge is a party to the matter, (2) the Judge has been an attorney or counsel in the proceeding, (3) the Judge is interested in the matter, (4) the Judge is related by consanguinity or affinity, within the sixth degree (as defined by the statute), to any party to the proceeding.
Canon 3 (C) of the Code of Judicial Conduct and the essentially duplicative provisions of 22 NYCRR 100.3 (E) (the Rules of Chief Administrator of Courts regarding disqualification) contain a number of provisions regarding recusal. Generally, Judges must disqualify themselves where their “impartiality might reasonably be questioned.” (Code of Judicial Conduct Canon 3 [C] [1]; 22 NYCRR 100.3 [E] [1].)
*372 Stated another way, recusal is appropriate if there is a possible appearance of impropriety. In making that determination, Judges should consider the over-all situation and, if they see no bias or prejudice that would result from their continuing to preside over the matter, they may sit on the matter absent an abuse of discretion. (People v Cline, 192 AD2d 957 [3d Dept 1993].)
In the case at bar, it is clear neither the statutory provisions under Judiciary Law § 14 nor the Canons of the Code of Judicial Conduct present appropriate grounds for recusal of this court in the case at bar.
Nor does prior familiarity with either the defendant or the case require recusal.
Judges are presumed to possess the expertise, competence and intellectual integrity to consider only the relevant facts and to “appropriately discount” all other information. (People v Moreno, 70 NY2d 403 [1987].)
In Moreno (supra), for example, the Court of Appeals affirmed a trial court’s decision to refuse to recuse itself where the Trial Judge heard a Sandoval hearing and then presided at a nonjury trial. Other examples include cases where a Judge previously prosecuted the defendant (People v Jones, 143 AD2d 465 [3d Dept 1988]), a Judge previously authorized a search warrant he was now called upon to invalidate (People v Tambe, 71 NY2d 492 [1988]), or a reconstruction hearing on voir dire minutes and jury charge where the Judge had presided. (People v Alomar, 93 NY2d 239 [1999].)
In Conti v Citrin (239 AD2d 251 [1st Dept 1997]) the Appellate Division reviewed a case similar to the current matter before the court. In Conti, the Judge witnessed an assault between the parties in the Judge’s robing room. The Judge was subpoenaed and testified at the separate assault trial. The Judge was then requested to recuse himself prior to the separate postjudgment nonjury proceeding. The court refused to recuse itself, and the Appellate Division affirmed, stating that as a discretionary decision, it was within the personal conscience of the court as the sole arbitrator of discretion, and should not be disturbed unless an actual showing of bias was made by the moving party.
In Conti (supra), as in the case at bar, the Court witnessed a disturbance and yet was later called upon to continue presiding. The Appellate Division in Conti held the trial court properly acted. Due to the factual similarity, this court finds *373 the Appellate Division’s rule in Conti to be persuasive and perhaps controlling in the case currently before the court.
Conclusion
Upon reflection regarding the facts of this case, it is my belief that the incident of December 13th will not influence or interfere with my rendering a sentence which is appropriate in light of the testimony and the charges of which this defendant has been convicted. The court has reviewed the aforementioned case and finds the holdings of Conti (supra) and related cases to be dispositive of the instant matter.
Finally, there is an even more compelling reason why recusal is not appropriate on these facts. To recuse myself in such a case would create a precedent whereby any defendant could effectively Judge shop and have his case heard by a different Judge simply by virtue of his own in-court conduct. Such a decision would be a disservice to every member of the Bench who presides in their courtroom in a conscientious and fair fashion and tries to render a true measure of justice. Accordingly, defense motion is denied.