■ ULDIS SKRODELIS, Plaintiff, v D. ANDA NORBERGS, Defendant. MARIS BIBELNIEKS, Nonparty Appellant; JONATHAN BRAVERMAN, Nonparty Respondent. [707 NYS2d 197] —In a matrimonial action in which the parties were divorced by judgment dated January 5, 1994, the plaintiff's former attorney, Maris Bibelnieks, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated March 25, 1999, as denied that branch of his motion which was for counsel fees incurred in prosecuting a grievance filed against the defendant's former attorney, Jonathan Braverman, and denied, on the basis of laches, that branch of his motion which was for costs and an attorney's fee pursuant to 22 NYCRR 130-1.1 for his expenses incurred to enforce a prior order of the same court dated January 3, 1995, awarding him an attorney's fee in the action.

Ordered that the order dated March 25, 1999, is modified by deleting the provision thereof denying, on the basis of laches, that branch of the motion which was for costs and an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 for his expenses incurred to enforce the order dated January 3, 1995; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party (see, *Matter of Barabash*, 31 NY2d 76; *Dante v 310 Assocs.*, 121 AD2d 332). The mere lapse of time without a showing of prejudice will not sustain a defense of laches (see, *Foley Mach. Co. v Amaco Constr. Corp.*, 126 AD2d 603; *Goodfarb v Freedman*, 76 AD2d 565). In addition, there must be a change in circumstances making it inequitable to grant the relief sought (see, *Seligson v Weiss*, 222 App Div 634). Prejudice may be estab-

lished by a showing of injury, change of position, loss of evidence, or some other disadvantage resulting from the delay (*see, Matter of Vickery v Village of Saugerties,* 106 AD2d 721, 723, *affd* 64 NY2d 1161; *Thurmond v Thurmond,* 155 AD2d 527; *Glenesk v Guidance Realty Corp.,* 36 AD2d 852).

Here, there is nothing in the record to show that the nonparty respondent was surprised or prejudiced by the nonparty appellant's delay in moving for costs and an award of an attorney's fee pursuant to 22 NYCRR 130-1.1 (*see, Conti v Citrin,* 239 AD2d 251). Accordingly, the Supreme Court erred in denying, on the basis of laches, that branch of the appellant's motion which was for costs and an attorney's fee pursuant to 22 NYCRR 130-1.1, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the behavior of the nonparty respondent warrants the recovery of costs and an attorney's fee pursuant to 22 NYCRR 130-1.1.

The appellant's remaining contention is without merit. O'Brien, J. P., Thompson, S. Miller and H. Miller, JJ., concur.