■ CADLE COMPANY II, INC., Respondent, v RONALD M. KLAR, Appellant, et al., Defendants. [717 NYS2d 525] —Deficiency judgment, Supreme Court, Bronx County (Douglas McKeon, J.), entered May 5, 2000, unanimously affirmed, with costs.

Defendant's claim that plaintiff is a foreign corporation doing business in New York without authority, and is therefore maintaining this action in violation of Business Corporation Law § 1312, is unsupported by any evidence of systematic and regular activity (*see, Alicanto, S.A. v Woolverton*, 129 AD2d 601, 602; *cf.*, Business Corporation Law § 1301 [b]). Nor does defendant offer any persuasive evidence on valuation. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.

■ CITY OF NEW YORK et al., Respondents, v 580 BAR CORP., Appellant, et al., Defendants. [717 NYS2d 524] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 15, 1999, which, after a nonjury trial, permanently enjoined defendant establishment from permitting prostitution, drug sales, or the sale of alcoholic beverages to minors, closed defendant establishment for one year and fined it $500 per day for the period from September 10, 1988 through and including January 29, 1999, with related relief, unanimously affirmed, without costs.

Severance of the counterclaims asserted by defendant and its co-defendant owner was a proper exercise of discretion (*see, 17 Vista Fee Assocs. v Teachers Ins. & Annuity Assn.*, 226 AD2d 298). The order on appeal does not violate any constitutional precepts (*see, City of New York v New Saint Mark's Baths*, 168 AD2d 311, *appeal dismissed* 77 NY2d 939, *lv denied* 78 NY2d 854; *31 W. 21st St. Assocs. v Evening of Unusual*, 125 Misc 2d 661, 679-680). The record supports the trial court's conclusions, and no required element of plaintiffs' case was omitted. The denial of recusal was an appropriate exercise of discretion (*see, Yannitelli v Yannitelli & Sons Constr. Corp.*, 247 AD2d 271, *lv dismissed in part and denied in part* 92 NY2d 875). We have considered defendant's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.