■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACOBS, Appellant. [786 NYS2d 448]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J., on recusal motion; Caesar D. Cirigliano, J., at nonjury trial and sentence), rendered September 27, 2002, convicting defendant of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). Inconsistencies in the complainant's testimony and her delay in reporting the alleged crime, as well as the lack of corroborating evidence, presented the trial court, as trier of fact, with issues of credibility that it properly resolved. The court's acquittal of defendant of most of the charges, including the robbery count, does not warrant reversal of the larceny conviction, particularly since the court could reasonably have credited the complainant's testimony as to larceny while rejecting her testimony about the assault and threats she claims accompanied the taking. Furthermore, the court's verdict may have been an effort to extend leniency (*see People v Rayam*, 94 NY2d 557, 561-563 [2000]; *People v Martinez*, 201 AD2d 671, 672 [1994], *lv denied* 83 NY2d 874 [1994]).

Justice Silverman properly exercised his discretion in recusing himself (*see People v Moreno*, 70 NY2d 403, 405-406 [1987];

*Conti v Citrin*, 239 AD2d 251 [1997]). Furthermore, the recusal did not cause defendant any prejudice, and he was not entitled to be tried by a particular judge.

Defendant is also not entitled to reversal of his conviction based on the fact that a person not admitted to practice law took part in his defense, unbeknownst to defendant, his other counsel, the prosecutor or the court. Under the circumstances of this case, where the duly licensed attorney clearly acted as lead counsel, was present throughout the proceedings and conducted most of the trial, defendant received effective assistance of counsel (*People v Leslie*, 232 AD2d 94 [1997], *lv denied* 91 NY2d 875 [1997]; *see also Leslie v Artuz*, 230 F3d 25 [2d Cir 2000], *cert denied* 531 US 1199 [2001]). As in *Leslie*, we see no reason to extend the rule of per se reversal to a situation where a defendant is represented throughout by a licensed attorney who is actually present, and where the purported attorney plays only a minor role in the trial. Concur—Nardelli, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.