Denise H. REIN, individually and as personal representative of the Estate of Joseph Curry, et al., Plaintiffs,

William B. Hudson, individually and as personal representative of the Estate of Maybelle S. Hudson, et al., Plaintiffs–Appellants,

v.

The SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, et al., Defendant,

Sonnenschein Nath & Rosenthal, Interested–Party–Appellee,

Constantine Cannon, P.C., Rose Mary Copeland, in her own right and as personal representative of the Estates of Joe Nathan Woods, Jr., deceased, and Chelsea Maria Woods, deceased, Interested–Parties–Appellants.

No. 06–4740–cv.

United States Court of Appeals, Second Circuit.

May 24, 2007.

Robert L. Begleiter (Gary J. Malone, Ankur Kapoor, New York, Douglas E. Rosenthal, Washington, DC, on the brief), New York, NY, for Interested–Parties–Appellants.

James Hamilton (Robert V. Zener, Washington, D.C.; Edward J. Reich, Martin Gold, New York, NY; Martin J. Foley, Los Angeles, CA, on the brief), Washington, DC, for Interested–Party–Appellee.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.*

Appellants, Constantine Cannon LLP and Rose Mary Copeland, appeal the district court's order distributing attorneys' fees to appellee Sonnenschein Nath & Rosenthal ("SNR") pursuant to a retainer agreement signed by Rose Mary Copeland and SNR. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

The appellants raise three principal contentions on appeal, two of which relate to the district court's interpretation of the parties' retainer agreement. Under New York law, "[t]he threshold question in a dispute over the meaning of a contract is whether the contract terms are ambiguous.... [T]he meaning of a contract that is unambiguous is a question of law for the court to decide.... [T]he meaning of an ambiguous contract where there is [extrinsic] evidence is a question of fact for the factfinder." *Revson v. Cinque & Cinque, P.C.,* 221 F.3d 59, 66 (2d Cir.2000). We review *de novo* a district court's determination of whether a contract is ambiguous, *id.,* and we review a district court's interpretation of an ambiguous contract for clear error, *Tourangeau v. Uniroyal, Inc.,* 101 F.3d 300, 306 (2d Cir.1996).

The appellants first argue that the district court erred in holding that the retainer agreement entitled SNR to "20 percent of the amounts recovered by the estates, not just the Copelands personally" because the retainer agreement required the Copelands to pay SNR "20% of all amounts recovered by you." Assuming,

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

*arguendo,* that the agreement's language is ambiguous, it is a "[a] cardinal principle ... [of contract interpretation] that the entire contract must be considered and, as between possible interpretations of an ambiguous term, that will be chosen which best accords with the sense of the remainder of the contract." *Rentways, Inc. v. O'Neill Milk & Cream Co.,* 308 N.Y. 342, 126 N.E.2d 271, 273 (1955). Here, the retainer agreement provided that SNR was representing Rose Mary Copeland "personally and in [her] capacity as personal representative of the estate(s)," and the retainer agreement repeatedly uses the term "you" to refer to Rose Mary Copeland personally and in her representative capacity. In light of this usage, and other extrinsic evidence offered by the parties, we do not believe the district court committed clear error in holding that SNR was entitled to twenty percent of the amounts recovered by the estates.

■ The appellants next argue that "SNR was contractually obligated to represent the Copelands in the New Jersey proceeding, which was 'ancillary' to this litigation." According to Black's Law Dictionary, an "ancillary suit" is one that "grows out of and is auxiliary to another suit and is filed to aid the primary suit." Black's Law Dictionary 1475 (Bryan A. Garner ed., 8th ed.2004). The New Jersey probate proceeding neither "gr[e]w out of" nor "aid[ed]" the primary suit in this case and thus was not "ancillary" to it within the meaning of the retainer agreement. Further, even assuming, *arguendo,* that the retainer agreement is ambiguous on this point, the district court did not commit clear error in concluding that SNR was not obligated to represent the Copelands in the probate proceeding given the defini-

tion of the term "ancillary" and the extrinsic evidence submitted by the parties.[1]

Finally, the appellants argue that SNR forfeited its right to attorneys' fees by violating the New York Code of Professional Responsibility. We review a district court's decision related to fee forfeiture for abuse of discretion. *See In re Austrian & German Bank Holocaust Litig.,* 317 F.3d 91, 102 (2d Cir.2003) (noting that "[f]ee forfeiture is an equitable remedy"); *see also Abrahamson v. Bd. of Educ.,* 374 F.3d 66, 76 (2d Cir.2004) ("We review a district court's fashioning of equitable relief for abuse of discretion."). We need not determine whether SNR's conduct was in any way improper because the district court did not abuse its discretion in determining that it did not warrant forfeiture of the fee. *See, e.g., Yannitelli v. D. Yannitelli & Sons Constr. Corp.,* 247 A.D.2d 271, 668 N.Y.S.2d 613, 613 (App.Div.1998) (mem. dec.) (requiring fee forfeiture where there had been "numerous violations ... over a period of years").

We have considered all of the appellants' other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

1. Because SNR was not obligated to represent the Copelands in the probate proceeding, it earned its fee prior to its discharge, and the

district court's failure to require SNR to show its proportionate share of the work was not error.