■ JILL S., Appellant, v STEVEN S., Respondent. [842 NYS2d 401]—

Order, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about December 29, 2006, which denied petitioner's objection to a Magistrate's decision granting respondent's motion to dismiss the child support petition for lack of personal jurisdiction under the Uniform Interstate Family Support Act (UIFSA), unanimously affirmed, without costs.

Under UIFSA, Family Court may exercise personal jurisdiction over a nonresident respondent if "the child resides in [New York] as a result of the acts or directives of the individual" (Family Ct Act § 580-201 [5]). The determination that petitioner failed to establish by a preponderance of credible evidence a pattern of abuse or harassment by respondent resulting in the child's relocation to New York, so as to exercise personal jurisdiction under the statute, is supported by the record (*see e.g. Sneed v Sneed*, 164 Ohio App 3d 496, 842 NE2d 1095 [2005]; *McNabb ex rel. Foshee v McNabb*, 31 Kan App 2d 398, 65 P3d 1068 [2003]; *Windsor v Windsor*, 45 Mass App Ct 650, 700 NE2d 838 [1998]), and there is no basis to disturb the Support Magistrate's credibility assessments (*see Matter of Drago v Drago*, 138 AD2d 704 [1988]).

The Magistrate appropriately exercised his discretion in precluding petitioner's expert witness, inasmuch as the proposed

testimony was irrelevant and not based on facts in evidence (*see Santoni v Bertelsmann Prop., Inc.*, 21 AD3d 712, 714-715 [2005]). Although the expert proposed to testify regarding the circumstances under which the child had left respondent's home in Ohio, she admitted that she had not reevaluated the child since the parties' divorce proceeding three years earlier. Her proposed testimony was irrelevant to the issue of whether respondent's conduct sufficiently warranted the exercise of personal jurisdiction over him in the instant proceeding. Indeed, the issue of whether respondent's conduct caused the child to flee Ohio was a question of fact, to which the child herself testified, and did not require an expert opinion. Moreover, the expert's opinion regarding the child's physical and mental condition post-2002 was hearsay, based on documents that were not admitted into evidence at the hearing (*see id.*), and was thus inadmissible.

The Magistrate's denial of recusal was a proper exercise of discretion (*see Yannitelli v Yannitelli & Sons Constr. Corp.*, 247 AD2d 271 [1998], *lv denied* 92 NY2d 875 [1998]). Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.