Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 13, 2008, which denied plaintiffs’ motion for recusal, unanimously affirmed, without costs.
In the absence of statutory grounds, the decision upon a recusal motion is a discretionary one (see People v Moreno, 70 NY2d 403, 405 [1987]; Conti v Citrin, 239 AD2d 251 [1997]), and should not be disturbed “[ujnless the moving party can point to an actual ruling which demonstrates bias” (Solow v Wellner, 157 AD2d 459, 459 [1990]; see also Scott v Brooklyn Hosp., 93 AD2d 577, 580 [1983]), which plaintiffs have failed to do. Given the lack of any support from the other participants for plaintiffs’ allegations of impropriety at a meeting with a possible mediator, there is no evidence that an improper ex parte communication concerning the case took place between a nonparty and the court, and the court’s denial of recusal, without a hearing, was an appropriate exercise of discretion, as was its referral of such allegations to the appropriate authorities for immediate investigation. Concur — Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.