■ DONNA MARKELL, Respondent, v ROBERT MARKELL, Appellant. [938 NYS2d 117]—

In a stipulation of settlement dated May 14, 2002, the plaintiff former wife and the defendant former husband agreed, inter alia, that the defendant would pay child support on the fifteenth day of each month, and that unreimbursed health care expenses for their children would be divided equally after the plaintiff paid the initial sum of $500 per child. The Supreme Court issued findings of fact and conclusions of law dated December 10, 2002, which reflected this agreement. However, the judgment of divorce, which was entered on December 10, 2002, provided that the defendant was to pay child support on the first day of each month and two thirds of the children's unreimbursed health care expenses after the plaintiff paid the initial $500 per child. On or about December 10, 2010, the defendant moved to modify the judgment of divorce to "accurately reflect the provisions of the December 10, 2002 Findings of Fact and Conclusions of Law and [the] parties' May 14, 2002 Stipulation of Settlement." The Supreme Court denied the motion and, upon reargument, adhered to its original determination. The Supreme Court determined that the husband's motion to modify the judgment was barred by the doctrine of laches, in that he waited eight years to make the motion. The defendant appeals. We modify the order made upon reargument.

"The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party. The mere lapse of time without a showing of prejudice will not sustain a defense of laches. In addition, there must be a change in circumstances making it inequitable to grant the relief sought" (*Skrodelis v Norbergs*, 272 AD2d 316, 316 [2000] [citations omitted]; *see Cohen v Krantz*, 227 AD2d 581, 582 [1996]). Notably, "[p]rejudice may be established by a showing of injury, change of position, loss of evidence, or some other disadvantage resulting from the delay" (*Skrodelis v Norbergs*, 272 AD2d at 316-317).

Here, in support of his motion, the defendant demonstrated that the subject provisions of the judgment were the result of a clerical error, as the parties had been adhering to the terms of the stipulation of settlement for approximately eight years, and that the plaintiff had only recently informed him at a Family Court proceeding that the judgment contained terms different from those in the stipulation of settlement and findings of fact and conclusions of law. In opposition, the plaintiff, in effect, conceded that the parties had been complying with their stipulation of settlement since it was executed in May 2002. Since the parties had been operating under the terms of the stipulation of settlement for approximately eight years prior to the husband's motion, the plaintiff failed to demonstrate a change in circumstances that would render inequitable the relief sought by the defendant. Further, the plaintiff failed to show that she would be prejudiced by a modification of the judgment to accurately reflect the provisions contained in the stipulation of settlement and findings of fact and conclusions of law (*see generally Matter of Kuhn v Town of Johnstown*, 248 AD2d 828 [1998]).

The defendant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.