■ In the Matter of Ana Liza Bay, Respondent, v Pedro Solla, Appellant. [978 NYS2d 679]—

In determining this custody matter, the court properly considered the best interests of the children (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The court should have analyzed the matter under the standard applicable to relocation cases (*see Matter of Tropea v Tropea*, 87 NY2d 727 [1996]), and the record shows that, even under the *Tropea* standard, it is in the children's best interests to remain in New Jersey with their mother.

In seeking the Referee's recusal, the children's father failed to identify "an actual ruling which demonstrates bias" (*Yannitelli v Yannitelli & Sons Constr. Corp.*, 247 AD2d 271, 271 [1st Dept 1998], *lv denied in part and dismissed in part* 92 NY2d 875 [1998]). Indeed, his claim of bias is based entirely on the Referee's failure to order, before a hearing, that the children be returned to New York.

The father cites no authority that would permit him, based on an unsubstantiated claim of bias, to revoke his consent to a referee's hearing and determining the parties' custody petitions (*see* CPLR 4317 [a]). Nor does he offer a basis for such a revocation (*see generally Matter of Carlos G. [Bernadette M.]*, 96 AD3d 632 [1st Dept 2012]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.