■ DOMENICK DIECIDUE et al., Appellants, v ROSA RUSSO, Respondent. [37 NYS3d 289]—

In an action for reformation of a note and mortgage, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated February 11, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In August 2007, the defendant's husband entered into a contract with the plaintiff Dominick Diecidue to sell to Dominick and his wife, the plaintiff Maria Diecidue, a parcel of real property in Poughkeepsie for $300,000. The contract of sale provided that the purchase was to be financed, after the closing of the title, by a 20-year $300,000 purchase money mortgage, payable in monthly installments of $2,149.29. The closing occurred on October 1, 2007. In a combined note and mortgage of that date, the plaintiffs borrowed $300,000 from the defendant and her husband, and the debt was secured by a mortgage on the premises in accordance with the payment terms of the contract of sale. The plaintiffs paid the mortgage pursuant to its terms for approximately six years. The defendant's husband died in March 2012.

In September 2013, the plaintiffs commenced this action against the defendant, seeking reformation of the note and mortgage to reflect an initial balance due of $230,000. The complaint alleged that the plaintiffs made, and the defendant and her husband accepted, three cash payments toward the purchase price totaling $70,000, before and on the day of the closing, which were not reflected in the note and mortgage. The complaint further alleged that reformation of the initial balance due, and the interest, amortization, and payment

schedule, was necessary to prevent the defendant's unjust enrichment.

The defendant, submitting an affidavit denying receipt of any cash payments, moved pursuant to CPLR 3211 (a) to dismiss the complaint on the grounds that it failed to state a cause of action and was barred by the doctrine of laches. In opposition to the motion, the plaintiffs submitted written receipts for three cash payments totaling $80,000, allegedly signed by the defendant and her husband. The Supreme Court granted the defendant's motion, and the plaintiffs appeal.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner, 96 NY2d 300, 303 [2001]; Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673 [2014]). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211 (a) (7), "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 845 [2012]).

Here, the Supreme Court properly determined that the complaint failed to state a cause of action to recover the alleged cash payments under a theory of unjust enrichment because the subject matter is governed by a valid and enforceable written contract (see Simkin v Blank, 19 NY3d 46, 55 [2012]; IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]; Nugent v Hubbard, 130 AD3d 893, 896 [2015]).

Further, while the plaintiffs may have, at one point, had a cause of action for reformation of the note and mortgage on the basis of mutual mistake (see Chimart Assoc. v Paul, 66 NY2d 570, 573-574 [1986]; Asset Mgt. & Capital Co., Inc. v Nugent, 85 AD3d 947 [2011]; Janowitz Bros. Venture v 25-30 120th St. Queens Corp., 75 AD2d 203, 214 [1980]), the Supreme Court properly determined that such a cause of action is barred by the plaintiffs' laches in asserting a right to reformation. " 'The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party' " (Markell v Markell, 91 AD3d 832, 834 [2012], quoting Skrodelis v Norbergs, 272 AD2d 316, 316 [2000]). Prejudice may be

demonstrated "by a showing of injury, change of position, loss of evidence, or some other disadvantage resulting from the delay" (*Skrodelis v Norbergs*, 272 AD2d at 317; *see Markell v Markell*, 91 AD3d at 834). The plaintiffs unreasonably delayed in asserting a right to reformation of the note and mortgage for almost six years, during which time they made payments in accordance with the terms of the note and mortgage. Further, the defendant would be prejudiced in defending the action at this time by the loss of evidence resulting from her husband's death in 2012, approximately 4½ years after the note and mortgage were executed (*see Schroeder v Brooklyn Hosp.*, 119 AD2d 564 [1986]; *cf. Matter of Harold*, 112 AD3d 929, 931 [2013]).

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint (*see Schultz v 400 Coop. Corp.*, 292 AD2d 16, 17 [2002]; *Casolaro v Krupka*, 281 AD2d 504 [2001]). Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.