Fakiris v Fakiris (2019 NY Slip Op 06593)





Fakiris v Fakiris


2019 NY Slip Op 06593


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2017-00229
 (Index No. 7297/14)

[*1]Marina Fakiris, appellant,
v
Petroula Fakiris, respondent.


Gleich, Farkas & Emouna LLP, Great Neck, NY (Lara P. Emouna of counsel), for appellant.
Mastropietro Law Group, PLLC, New York, NY (Eric W. Gentino of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered November 22, 2016. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant, Petroula Fakiris (hereinafter the mother), and Pantelis Fakiris (hereinafter the father) were married in 1974 and had two children: the plaintiff, Marina Fakiris (hereinafter the daughter), and Kostas Fakiris (hereinafter the son). In 2003, the father commenced an action for a divorce and ancillary relief against the mother, which was settled when the mother and the father entered into a so-ordered stipulation of settlement dated March 30, 2007. Pursuant to the stipulation, the mother and the father agreed that marital real property located in Greece known as "Athens: Nea Philadelphia" would be transferred to the daughter, with a life estate granted to the mother, and marital real property located in Greece known as "Chios: Perivoli (orange farm)" would be transferred to the daughter, free and clear. The stipulation was incorporated, but not merged, into a judgment of divorce dated March 27, 2008.
On April 8, 2013, the father died, and his last will and testament was subsequently admitted to probate by the Surrogate's Court, Queens County. Approximately a year after the father's death, and while the proceedings before the Surrogate's Court were still ongoing, the daughter commenced this declaratory judgment action against the mother, seeking, inter alia, a judgment declaring that the stipulation is enforceable, that the mother was in breach of the stipulation, and that the daughter was entitled to ownership of the Athens: Nea Philadelphia property, with a life estate granted to the mother, and ownership of the Chios: Perivoli property. The mother moved for summary judgment dismissing the complaint, inter alia, on the ground that the daughter's claims were barred by the doctrine of laches. The Supreme Court granted the mother's motion for summary judgment dismissing the complaint. The daughter appeals.
" The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party'" [*2](Markell v Markell, 91 AD3d 832, 834, quoting Skrodelis v Norbergs, 272 AD2d 316, 316). Here, we agree with the Supreme Court's determination that this action was barred by the doctrine of laches based on the daughter's unreasonable delay in asserting her entitlement to ownership of the subject real property. Further, we agree with the court's determination that prejudice had been demonstrated in light of, inter alia, the parallel proceeding pending in the Surrogate's Court. The Surrogate's Court is the proper tribunal to pass upon the daughter's claim to the subject properties (see SCPA 201[3]; Sexton v Sexton, 64 App Div 385, 389, affd 174 NY 510). We express no opinion as to the matters at issue in that proceeding.
Accordingly, we agree with the Supreme Court's determination to grant the mother's motion for summary judgment dismissing the complaint as barred by the doctrine of laches.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court