Mundel v Harris (2021 NY Slip Op 06177)





Mundel v Harris


2021 NY Slip Op 06177


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-00473
2018-00569
 (Index No. 12036/07)

[*1]David S. Mundel, etc., et al., respondents,
v
Timothy Harris, etc., defendant; Laurence G. Harris, etc., et al., nonparty-appellants.


Feuerstein Kulick, LLP, New York, NY (David Feuerstein of counsel), for nonparty-appellants.
McCullough, Goldberger & Staudt, LLP, White Plains, NY (Patricia W. Gurahian and Edmund C. Grainger of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for misappropriation of funds, nonparties Laurence G. Harris and Geoffrey Harris appeal from (1) a decision of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated November 20, 2017, and (2) an order of the same court (William J. Giacomo, J.) dated November 21, 2017. The order, upon the decision, denied the motion of nonparty Laurence G. Harris, in which nonparty Geoffrey Harris joined, pursuant to CPLR 5015 to vacate a stipulation of settlement dated June 10, 2010, an order of the same court (William J. Giacomo, J.) dated September 8, 2015, and an amended judgment of the same court (William J. Giacomo, J.) dated March 15, 2016.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the order dated November 21, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2007, the plaintiffs commenced this action, inter alia, to recover damages for misappropriation of funds in certain trusts of which the appellants, nonparties Laurence G. Harris and Geoffrey Harris (hereinafter together the appellants), were beneficiaries, and over some of which the appellant Laurence G. Harris was successor trustee. In June 2010, a stipulation of settlement was entered into in open court, according to which a neutral accountant considered evidence presented by accountants selected by the respective parties to the action and their family members, and determined the proper amount of funds in various trusts. This determination was confirmed by the Supreme Court in an order dated September 8, 2015. Thereafter, an amended judgment dated March 15, 2016, was entered, distributing the funds according to agreed-upon percentages. The appellants were aware of and participated in the foregoing proceedings.
In 2017, Laurence G. Harris made a motion, in which Geoffrey Harris joined, [*2]pursuant to CPLR 5015 to vacate the stipulation of settlement, the order dated September 8, 2015, and the amended judgment. Upon a decision dated November 20, 2017, the Supreme Court, by order dated November 21, 2017, denied the motion.
"The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party" (Fakiris v Fakiris, 175 AD3d 1390, 1391 [internal quotation marks omitted]). Prejudice may be demonstrated "by a showing of injury, change of position, loss of evidence, or some other disadvantage resulting from the delay" (Skrodelis v Norbergs, 272 AD2d 316, 317).
Here, the appellants inexcusably delayed in challenging the stipulation of settlement, subsequent proceedings, and amended judgment in the action. Further, the plaintiffs have demonstrated prejudice arising from the delay, including the discontinuance of related actions in reliance upon the settlement reached herein. Under the circumstances, the appellants' claims are barred by the doctrine of laches (see Fakiris v Fakiris, 175 AD3d at 1391; Kverel v Silverman, 172 AD3d 1345, 1349; Diecidue v Russo, 142 AD3d 686, 688).
Accordingly, we affirm the order appealed from.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court