Bricker v Ole Thorsen (2024 NY Slip Op 04369)

Bricker v Ole Thorsen

2024 NY Slip Op 04369

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-03692
 (Index No. 34390/21)

[*1]Edward Bricker, etc., et al., appellants,
v
Eric Ole Thorsen, respondent.

Michael A. DiChiaro, P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
Eric Ole Thorsen, New City, NY, respondent pro se.

DECISION & ORDER
In an action, in effect, pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated March 28, 2022. The order, insofar as appealed from, upon a decision of the same court dated March 1, 2022, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Following a trial, James Bricker, Sr. (hereinafter Bricker Sr.), and Kim Bricker were divorced by a judgment of divorce dated October 8, 2008. The judgment directed that Bricker Sr. and Kim Bricker were to jointly own Bricker's, Inc., a business that owned real property located at 500 Middletown Road, Pearl River (hereinafter the property), on which Bricker Sr. operated an auto repair shop. In a decision and order dated January 5, 2010, this Court, inter alia, modified the judgment of divorce so as to direct that Bricker Sr. would solely own Bricker's, Inc., and would pay Kim Bricker a distributive award over a period of 14 years in exchange for her share of Bricker's, Inc. (see Bricker v Bricker, 69 AD3d 546, 548).
Meanwhile, in March 2009, the defendant, who represented Bricker Sr. in the divorce action, moved by order to show cause for leave to file a lien against the property or, in the alternative, for leave to file a confession of judgment against Bricker Sr., for legal fees owed.
Thereafter, on March 4, 2010, the defendant and counsel for Kim Bricker appeared in the divorce action in connection with outstanding motions. The defendant raised his pending motion, inter alia, for leave to file a lien against the property. In response, the Supreme Court concluded that as a result of this Court's determination in Bricker v Bricker, the property was solely owned by Bricker Sr., and, thus, judicial approval was no longer required for the defendant to file a lien against the property. The defendant withdrew his motion based on the Supreme Court's determination. Kim Bricker's counsel did not object to the court's determination. The parties to the divorce action also agreed that Kim Bricker would receive a reduced distributive award in exchange for a mortgage executed on the property in her favor. The transcript from the proceeding on March 4, 2010, including the agreement between the parties to the divorce action, was later entered as a so-[*2]ordered stipulation on June 10, 2010.
On March 11, 2010, Bricker Sr., as sole owner of Bricker's, Inc., executed a mortgage against the property in favor of the defendant. The defendant's mortgage was recorded that day. Thereafter, on May 6, 2010, Bricker Sr., as sole owner of Bricker's, Inc., executed a mortgage against the property in favor of Kim Bricker. On January 12, 2018, Bricker Sr. died.
In July 2021, Edward Bricker and James Bricker, as co-administrators of Bricker Sr.'s estate, and Kim Bricker (hereinafter collectively the plaintiffs) commenced this action, among other things, to void the defendant's mortgage, primarily on the ground that the defendant had failed to obtain judicial consent for his mortgage in violation of 22 NYCRR 1400.5. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated March 28, 2022, the Supreme Court, among other things, upon a decision of the same court dated March 1, 2022, granted that branch of the defendant's motion which was to dismiss the complaint. The plaintiffs appeal.
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). Further, on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Cantor v Villuci, 212 AD3d 765, 766 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d at 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Katz v DePaola, 211 AD3d 1020, 1021 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, documentary evidence showing that Bricker Sr. consented to the defendant's mortgage, that the defendant moved for judicial approval of the defendant's mortgage, that the Supreme Court determined that judicial approval was not required, and that the defendant's withdrawal of his motion for judicial approval was authorized by the court and not objected to by Kim Bricker's counsel conclusively established that the filing of the defendant's mortgage against the property "was not without court approval in contravention of 22 NYCRR 1400.5(a)(3)" (Gross v Gross, 36 AD3d 318, 324). Thus, the court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7).
In addition, the defendant established that dismissal of the complaint was appropriate pursuant to the doctrine of laches. "The doctrine of laches is an equitable doctrine which bars the enforcement of a right where there has been an unreasonable and inexcusable delay that results in prejudice to a party" (Diecidue v Russo, 142 AD3d 686, 687 [internal quotation marks omitted]). "To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" (Stein v Doukas, 98 AD3d 1026, 1028 [internal quotation marks omitted]). Here, the defendant established that the plaintiffs' more than 10-year delay in seeking to void the defendant's mortgage, together with the prejudice to him by the delay, as he relied on the mortgage as payment for his legal services, warranted application of the doctrine of laches (see id. at 1028-1029).
Accordingly, the Supreme Court properly granted that branch of the defendant's [*3]motion which was to dismiss the complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court