■ MATTHEW DWYER, an Infant, by His Parent and Natural Guardian, JOHN DWYER, et al., Respondents, v LOUIS F. MAZZOLA, Appellant, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant Louis Francis Mazzola appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated April 5, 1990, as denied those branches of his motion which were for leave to conduct supplemental depositions of the plaintiffs John Dwyer and Anne Dwyer and a supplemental physical examination of the infant plaintiff Matthew Dwyer.

Ordered that the order is reversed insofar as appealed from, with costs, those branches of the appellant's motion which were for leave to conduct supplemental depositions of the plaintiffs John Dwyer and Anne Dwyer and for a supplemental physical examination of the plaintiff Matthew Dwyer are granted, and the depositions and physical examination shall be held at a time and place to be specified in a written notice of at least 10 days, to be given to the plaintiffs by the appellant, or at such time and place as the parties may agree.

The original depositions of the plaintiffs John Dwyer and Anne Dwyer were held in November 1980 and the original physical examination of the plaintiff Matthew Dwyer was conducted in September 1980. A note of issue and statement of readiness was filed in 1984, but the action was stricken from the calendar in January 1988 when the plaintiffs' law firm withdrew as counsel. Upon motion of the plaintiffs' new counsel, the action was restored to the trial calendar in February 1989. In February 1990 the appellant sought to

update his information as to the nature and permanency of the infant plaintiff's injuries by moving, *inter alia,* for leave to conduct supplemental depositions of the plaintiffs John Dwyer and Anne Dwyer and a supplemental physical examination of the infant plaintiff Matthew Dwyer. Those branches of the motion which were for depositions and a physical examination were denied.

We disagree that the appellant is "guilty of gross laches" in failing to seek the requested disclosure prior to February 1990. Generally, neglect to assert promptly a claim for relief, *if such neglect causes prejudice to the adverse party,* operates as a bar to the remedy *(see,* 75 NY Jur 2d, Limitations and Laches, § 330) and as a basis for invoking the doctrine of laches *(see, Matter of Taylor v Vassar Coll.,* 138 AD2d 70). The four basic elements of laches are, (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant (75 NY Jur 2d, Limitations and Laches, § 333). All four elements are necessary for the proper invocation of the doctrine, including " '[t]he essential element * * * delay prejudicial to the opposing party' " *(Burns v Egan,* 117 AD2d 38, 41; *see also,* 75 NY Jur 2d, Limitations and Laches, § 337). It has been held that "mere delay alone, without actual prejudice, does not constitute laches" *(Foley Mach. Corp. v Amaco Constr. Corp.,* 126 AD2d 603, 604, citing *Roosevelt Hardware v Green,* 72 AD2d 261, 265, n 1; *Matter of Gargano,* 112 AD2d 224, 225). Here, there is no evidence of prejudice but merely the conclusory statement in the plaintiffs' counsel's affirmation in opposition to the motion that "to delay the case any further by conducting a further examination before trial of the infant plaintiff would be prejudical and should not be considered at the eleventh hour". The record does not demonstrate, nor did the court state, that the plaintiffs changed their position, relied or suffered a detriment or prejudice of any kind *(see, Foley Mach. Co. v Amaco Constr. Corp., supra,* at 604; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68). Moreover, the plaintiffs cannot claim that they lacked knowledge that the appellant would need this information since the medical and educational records as well as the results of the infant plaintiff's medical examination were several years old and information regarding changes in his

condition would be "material and necessary" to the defense of the case (see, CPLR 3101). Since the plaintiffs have caused most of the delay in this case, to invoke the doctrine of laches would be to defeat justice (see, 75 NY Jur 2d, Limitations and Laches, § 340).

Under the circumstances of this case, the denial of supplemental depositions and an updated physical examination constituted an improvident exercise of discretion. Accordingly, the order is reversed insofar as appealed from. Thompson, J. P., Kunzeman, Eiber and Rosenblatt, JJ., concur.