■ In the Matter of LAWRENCE & WALSH, P. C., Respondent, v RODI SALES CORP. et al., Appellants, et al., Respondent. [619 NYS2d 674] —In a proceeding to enforce an attorney's lien pursuant to Judiciary Law § 475, the appeal is from (1) an order of the Supreme Court, Queens County (Graci, J.), dated September 16, 1993, which held that the petitioner held a charging lien, and directed a hearing with regard to the amount to be awarded to the petitioner pursuant to its charging lien, and (2) a judgment of the same court (Posner, J.), which is in favor of the petitioner and against the appellants in the sum of $4,387.25 for the charging lien, plus interest in the amount of $5,252.65, plus costs in the amount of $595, for a total award of $10,234.90.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find that, under the circumstances of this case, the doctrine of laches prevents the appellants from contending that the petitioner was not entitled to the charging lien in this case. Approximately 12 years had elapsed from the time that the petitioner served notice upon the appellants of the charging lien to the appellants' first objection to the charging lien. Such a delay caused great prejudice to the petitioner (see, Dwyer v Mazzola, 171 AD2d 726, 727). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.