■ RONALD J. COHEN et al., Respondents, v JAMES KRANTZ et al., Appellants. [643 NYS2d 612] —In an action, *inter alia,* for a judgment directing the defendants to remove a fence and deck located on the plaintiffs' property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), entered March 13, 1995, which, after a nonjury trial, is in favor of the plaintiffs directing the defendants to remove the fence and certain plants and shrubbery from the plaintiffs' property, and dismissing the defendants' counterclaim which sought title to the disputed property by adverse possession.

Ordered that the judgment is affirmed, with costs.

The plaintiffs' property adjoins the defendants' property. In

1988, the defendants, who acquired their property in 1986, erected a fence which allegedly encroached on the plaintiffs' property. The plaintiffs subsequently commenced this action and, after a nonjury trial, the court rendered a decision in favor of the plaintiffs and issued a judgment which, *inter alia,* directed the defendants to remove the fence to the extent it encroaches on the plaintiffs' property. The defendants appeal.

The trial court's failure to comply with CPLR 4213 (b) does not warrant reversal inasmuch as the record is sufficiently complete to permit intelligent appellate review and to permit this Court to make the requisite findings of fact (*see, Matter of Jose L. I.,* 46 NY2d 1024; *Yuen Yu Chao v Hsueh Horng Chang,* 192 AD2d 649; *Alizio v A-One Bricklaying Co.,* 160 AD2d 669).

The defendants failed to establish their counterclaim of adverse possession. "For a party to successfully assert title to property by way of adverse possession, the possession must be actual, hostile, under a claim of right, open, notorious, exclusive and continuous" for the prescriptive period (*Armour v Marino,* 140 AD2d 752, 753; *see also, Brand v Prince,* 35 NY2d 634). The party asserting title by adverse possession must establish the existence of each of these elements by clear and convincing evidence (*see, Van Valkenburgh v Lutz,* 304 NY 95; *Rusoff v Engel,* 89 AD2d 587; *Gerwitz v Gelsomin,* 69 AD2d 992).

There was conflicting evidence as to whether the disputed piece of land was ever in the possession of the defendants' predecessor-in-title. The Trial Judge, who was in a unique position to assess the evidence and the credibility of the witnesses, resolved the issue in favor of the plaintiffs. That determination is clearly supported by the record (*see, Greenberg v Behlen,* 220 AD2d 720). Consequently, there could be no tacking of the defendants' possession to their predecessors' possession in order to satisfy the requisite prescriptive period (*cf., Brand v Prince, supra*).

The defendants also failed to establish that the plaintiffs were guilty of laches. To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant (*see, Dwyer v Mazzola,* 171 AD2d 726, 727). All four elements are necessary for the proper invocation of the doctrine (*see, Dwyer v Mazzola, supra,* at 727).

Here, the plaintiff Ronald Cohen testified that he spoke to the defendant James Krantz and advised him that the fence was encroaching upon his property. Although Krantz denied having this conversation with that plaintiff, the landscape contractor hired by the defendants to erect the fence testified that Cohen told him the fence was encroaching upon his land. The contractor then brought that information to the attention of the defendants. Nevertheless, Krantz failed to obtain a survey and installation of the fence continued. Based on the evidence, the defendants were on notice that the plaintiffs would assert their claim for relief.

The defendants' remaining contentions are without merit. Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.