■ WESTCHESTER RELIGIOUS INSTITUTE, Appellant, v JEROME KAMERMAN et al., Respondents. [669 NYS2d 805] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 24, 1997, which granted defendants' motion to dismiss the complaint based on laches, unanimously reversed, on the law, with costs, the motion denied and the complaint reinstated.

There has been no showing that defendants were prejudiced by or changed their position in any way due to plaintiff's delay in bringing suit. Nor is there any indication that plaintiff's reluctance to resort to litigation to resolve this internecine dispute was unreasonable under the circumstances. For these reasons, and particularly inasmuch as this is an action for an accounting brought against a fiduciary (*see*, *Matter of Barabash*, 31 NY2d 76, 82), the IAS Court's dismissal of the complaint based on laches was error (*see*, *Dwyer v Mazzola*, 171 AD2d 726). Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.

■ In the Matter of CITY OF NEW YORK, Appellant, v BRIAN J. WING, as Acting Social Services Commissioner of the State of New York, et al., Respondents. [669 NYS2d 805] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered November 8, 1996, which denied petitioner's application to annul respondent's determination assigning a cost savings target to petitioner pursuant to Laws of 1995 (ch 81, § 92) and dismissed the petition, unanimously affirmed, without costs.

The motion court, properly deferring to respondent's understanding of operational practices and expert evaluation of factual data pertinent to how to best achieve the cost savings purpose of the statute, correctly held that respondent's methodology for assigning cost savings targets to the local social services districts, such as petitioner, was not irrational (*see*, *New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 166-167; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 458-459). Concur—Sullivan, J. P., Rosenberger, Ellerin and Tom, JJ.