■ BEDFORD GARDENS COMPANY, Appellant, v ISAAC AUSCH et al., Respondents. [674 NYS2d 57] —In a summary proceeding to recover possession of real property and rent arrears, the petitioner landlord appeals, by permission, from an order of the Appellate Term of the Supreme Court for the 2nd and 11th Judicial Districts, dated June 11, 1997, which (1) reversed an order of the Civil Court, Kings County (Friedman, J.), dated September 12, 1995, insofar as appealed from by Isaac Ausch, "to the extent of vacating the final judgment [of the Civil Court, Kings County, dated February 18, 1994], dismissing the petition and remitting the matter to the [Civil Court, Kings County] for determination of [Isaac Ausch's] application seeking to be restored to possession", and (2) modified the same order insofar as appealed from by Henya Ausch by (a) denying,

as moot, that branch of her motion which was to vacate the final judgment dated February 18, 1994, and to dismiss the petition, and (b) granting that branch of her motion which was for leave to intervene in the action for the purpose of prosecuting her application to be restored to possession and remitting the matter to the Civil Court, Kings County.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the final judgment of the Civil Court, Kings County, dated February 18, 1994, is reinstated.

As the dissenting Justice at the Appellate Term concluded, vacatur of the Civil Court's final judgment pursuant to CPLR 5015 (a) (3) was improper on this record (cf., Oppenheimer v Westcott, 47 NY2d 595). Here, the Civil Court Judge who presided over the trial, expressly ruled that the landlord had not misrepresented to the court findings by the United States Department of Housing and Urban Development (hereinafter HUD) that the respondent Isaac Ausch had under-reported his income to remain eligible for HUD rent subsidies, and that the court had not relied upon any mischaracterization of HUD's determination in concluding that Ausch's subsidy had been properly terminated. The appropriate method to challenge the Civil Court's conclusion would have been to file a timely appeal from the final judgment.

The Civil Court also properly found that the application of Henya Ausch to intervene was barred by laches (cf., Cohen v Krantz, 227 AD2d 581, 582; Dwyer v Mazzola, 171 AD2d 726, 727). Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.