■ COMMUNITY PRESERVATION CORPORATION, Respondent, v CITY TERRACE ASSOCIATES LIMITED PARTNERSHIP, Appellant, et al., Defendants. [740 NYS2d 392] —In an action, inter alia, to foreclose a mortgage, the defendant City Terrace Associates Limited Partnership appeals from (1) so much of an order of the Supreme Court, Orange County (Owen, J.), dated September 25, 2000, as granted that branch of the motion of nonparty David Rider, the receiver of the subject property, which was for

leave to pay the money remaining in the receiver's account to the plaintiff, and (2) an order of the same court, dated February 13, 2001, which denied its motion to amend an order of the same court, dated October 14, 1997, among other things, appointing David Rider as the receiver of the subject property and, in effect, directing him to pay certain money remaining in his receiver account to the plaintiff.

Ordered that the order dated September 25, 2000 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 13, 2001 is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Supreme Court correctly granted that branch of the receiver's motion which was to pay certain money remaining in the receiver's account to the respondent. Moreover, the Supreme Court properly denied the appellant's motion, in effect, to vacate an order of the same court, dated October 14, 1997, which, inter alia, appointed the receiver and directed him to pay certain of the money he collected to the respondent (*see* CPLR 6401 [b]; *Daro Indus. v RAS Enters.,* 44 NY2d 969; *cf. Prudence Co. v 160 W. Seventy-Third St. Corp.,* 260 NY 205; *Dime Sav. Bank of Brooklyn v Coleman,* 267 App Div 828; *Emigrant Indus. Sav. Bank v Legum,* 25 NYS2d 370 [Sup Ct, Westchester County 1940], *affd* 260 App Div 1040; *Matter of Wickings,* 162 Misc 357).

Additionally, contrary to the appellant's contention, the proposed amendment to the order dated October 14, 1997 would clearly have affected a substantial right of the respondent. Therefore, the proposed amendment would have been improper (*see Kiker v Nassau County,* 85 NY2d 879; *Silvers v Silvers,* 196 AD2d 863; *Solomon v City of New York,* 127 AD2d 827; *Jakobleff v Jakobleff,* 108 AD2d 725). In any event, the appellant is guilty of laches because, inter alia, it failed to take an appeal from the order dated October 14, 1997 and failed to move to amend that order until approximately 38 months after it was made and nine months after the underlying action was settled with prejudice (*see Kiker v Nassau County, supra; Cohen v Krantz,* 227 AD2d 581; *Dwyer v Mazzola,* 171 AD2d 726). Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.