■ PATRICIA MEDING et al., Respondents, v RECEPTOPHARM, INC., Formerly Known as RECEPTOGEN, INC., Appellant. [923 NYS2d 165]—

In an action, inter alia, to recover damages for cancellation of stock certificates, the defendant appeals (1) from an order of the Supreme Court, Queens County (Grays, J.), entered August 19, 2009, which denied its motion to dismiss the second cause of action in the amended complaint, and (2) as limited by its brief, from so much of an order of the same court entered October 27, 2009, as, upon renewal and reargument, adhered to the original determination in the order entered August 19, 2009.

Ordered that the appeal from the order entered August 19, 2009, is dismissed, as that order was superseded by the order entered October 27, 2009, made upon renewal and reargument; and it is further,

Ordered that the order entered October 27, 2009, made upon renewal and reargument, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In their second cause of action, the plaintiffs allege that the defendant, a Nevada corporation whose stock certificates recite on their face that they are governed by Nevada law, wrongfully cancelled their corporate stock certificates. The Supreme Court properly rejected the defendant's contention that this cause of action is barred by Nevada's statute of frauds (*see* Nev Rev Stat Ann § 111.220). Even if the Nevada statute of frauds were implicated here, Nevada has carved out an exception to its statute of frauds for transactions involving securities (*see* Nev Rev Stat Ann § 104.8113). While the Nevada courts have not specifically addressed what constitutes a security, the decision of the Court of Appeals in *Highland Capital Mgt. LP v Schneider* (8 NY3d 406 [2007]), a case that analyzes a New York securities provision with an identical Nevada counterpart (*compare* UCC 8-102 [a] [15] *with* Nev Rev Stat Ann § 104.8102 [1] [n]), is instructive. In *Highland Capital*, the Court observed that the promissory notes at issue there needed to satisfy a "transferability test," a "divisibility test," and a "functional test . . . in order to qualify as a security for purposes of [UCC] article 8" (*Highland Capital Mgt. LP v Schneider*, 8 NY3d at 412). The stock certificates at issue here meet all three requirements, rendering the statute of frauds inapplicable. In light of our determination, we need not address the parties' remaining contentions with respect to the statute of frauds issue.

The Supreme Court also correctly determined that the second cause of action is not barred by the doctrine of laches. "To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant. All four elements are necessary for the proper invocation of the doctrine" (*Cohen v Krantz*, 227 AD2d 581, 582 [1996] [citation omitted]; *Dwyer v Mazzola*, 171 AD2d 726 [1991]). Here, the defendant failed to prove lack of notice or that it suffered any prejudice. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.