■ ROVINA WILDS, Appellant, v MARY JANE HECKSTALL et al., Defendants, and JPMORGAN CHASE BANK, as Trustee for RENAISSANCE HEL TRUST 2003-2, Respondent. [939 NYS2d 543]—

In an action, inter alia, to quiet title to real property which was transferred from the Supreme Court, Kings County, to the

Surrogate's Court, Kings County, the plaintiff appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Kings County (Johnson, S.), dated March 9, 2011, as, upon a decision of the same court dated November 10, 2010, and upon the granting of that branch of her motion which was for summary judgment declaring that she is the fee owner of the real property, and the denial of that branch of her motion which was for summary judgment, in effect, declaring that her ownership is not subject to the rights of JPMorgan Chase Bank, as Trustee for Renaissance HEL Trust 2003-2, and its successors and/or assigns, as mortgagee under a mortgage recorded in Kings County on June 6, 2003, at CRFN 2003000159338, adjudged that her fee ownership of the real property is subject to the rights of the defendant JPMorgan Chase Bank, as Trustee for Renaissance HEL Trust 2003-2, and its successors and/or assigns, as mortgagee under a mortgage recorded in Kings County on June 6, 2003, at CRFN 2003000159338.

Ordered that the decree is affirmed insofar as appealed from, with costs.

Nonparty Beulah Jones owned certain real property in Brooklyn. In December 1961 she executed a will leaving the property to her sister, the plaintiff, Rovina Wilds, subject to a life estate in her husband, nonparty Carroll Jones. Beulah Jones died on October 12, 1993, survived by her husband as her sole distributee. The December 1961 will was not offered for probate at that time, and Carroll continued to live on the property.

On August 18, 1999, Carroll Jones deeded the property to his niece and nephew, the defendants Mary Jane Heckstall and William Roger Bell. The deed was recorded on August 25, 1999. Carroll Jones died on May 14, 2002. On March 23, 2003, Heckstall and Bell borrowed $217,000 from Delta Funding Corporation (hereinafter Delta Funding), secured by a note and mortgage on the property. The mortgage was recorded on April 10, 2003. Delta Funding later assigned the mortgage to the defendant JPMorgan Chase Bank, as Trustee for Renaissance HEL Trust 2003-2 (hereinafter JPMorgan), which bundled the mortgage with other mortgages for sale to investors, retaining the obligation to act as trustee of the resulting collateralized debt obligation.

In June 2004 the plaintiff commenced this action against Heckstall, Bell, and Delta Funding in the Supreme Court, Kings County, inter alia, to quiet title to the subject property. The plaintiff alleges that she became the owner of the property upon Carroll Jones's death, and, in effect, that the March 2003 mortgage should not encumber the property. Insofar as is rele-

vant, Delta Funding filed an answer to the complaint asserting numerous affirmative defenses, including that the plaintiff's claims were barred by the doctrine of laches. Delta Funding also moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved, among other things, to refer the motion to the Surrogate's Court. The Supreme Court transferred the action to the Surrogate's Court and denied Delta Funding's summary judgment motion without prejudice to renewing it in the Surrogate's Court.

In August 2004 the plaintiff commenced a proceeding in Surrogate's Court to probate a copy of the December 1961 will, as the original will had been lost. Heckstall and JPMorgan objected to the probate of the will.

The parties agreed to have the trial on the objections to probate before the trial of this action to quiet title. Following the trial on the objections to probate, the Surrogate's Court concluded that the copy of the December 1961 will could be admitted to probate as a lost will. In July 2008, the Surrogate's Court decreed that the December 1961 will was valid.

Having confirmed that she was the devisee of the property, and after the Surrogate's Court granted her motion for leave to amend the caption to substitute JPMorgan for Delta Funding, the plaintiff moved for summary judgment declaring that Beulah Jones's estate was the owner of the property free of the mortgage. Relying on, inter alia, the doctrine of laches, the Surrogate's Court granted the plaintiff's motion to the extent of declaring that the plaintiff was the owner of the property and entitled to sole possession of it, but also determined that the plaintiff's ownership interest was subject to the rights of JPMorgan as mortgagee of the March 2003 mortgage. The Surrogate's Court entered a decree in accordance with this decision. The plaintiff appeals. We affirm.

The essential element of the equitable defense of laches is delay which is prejudicial to the opposing party (*see Matter of Schulz v State of New York*, 81 NY2d 336, 348 [1993]). "To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" (*Cohen v Krantz*, 227 AD2d 581, 582 [1996]; *see Dwyer v Mazzola*, 171 AD2d 726, 727 [1991]).

When applying laches to the failure of an owner of an interest

in real property to assert his or her interest, "it must be shown that [the] plaintiff inexcusably failed to act when she knew, or should have known, that there was a problem with her title to the property. In other words, for there to be laches, there must be present elements to create an equitable estoppel" (*Kraker v Roll*, 100 AD2d 424, 432-433 [1984] [internal quotation marks and citations omitted]; *see Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 318 [1956]). "Equitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that belief. The property owner must inexcusably delay in asserting a claim to the property, knowing that the opposing party has changed his position to his irreversible detriment" (*Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC*, 78 AD3d 746, 750 [2010] [internal quotation marks and citation omitted]).

Here, the plaintiff knew of the existence of Beulah Jones's will, but chose not to have the will probated after Beulah Jones's death. Moreover, she did not assert any interest in the property until June 2004, when she commenced this action, and she did not commence a proceeding to have the will probated until August 2004, almost 11 years after Beulah Jones's death, five years after Carroll Jones deeded the property to Heckstall and Bell, more than two years after Carroll Jones's death, and more than one year after Heckstall and Bell mortgaged the property. The plaintiff's delay in asserting her interest in the property was inexcusable under these circumstances. Further, her delay in probating Beulah Jones's will and in asserting any interest in the property, despite the opportunity to do so, prejudiced the mortgagee, which did not know and could not have known at the time that it took the mortgage on the property that the plaintiff would challenge Heckstall and Bell's ownership interest. Accordingly, laches was established, and the Surrogate's Court decree adjudging that the plaintiff's fee ownership of the property is subject to the rights of JPMorgan as mortgagee must be affirmed insofar as appealed from.

In light of the above, the argument that EPTL 3-3.8 applies to bar the plaintiff's claim that she owns the property free of the mortgage has been rendered academic. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.