*1027 In an action, inter alia, to recover damages for fraud and pursuant to RPAPL article 15 to determine claims to certain real property, the defendants Ted Doukas and Telcor Co., LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 31, 2010, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendant Jay Realty Enterprises, Inc., separately appeals from so much of the same order as denied its separate motion for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were for summary judgment on the complaint insofar as asserted against the defendants Ted Doukas, Telcor Co., LLC, and Jay Realty Enterprises, Inc.
Ordered that the order is reversed insofar as appealed from by the defendant Jay Realty Enterprises, Inc., on the law, and the motion of the defendant Jay Realty Enterprises, Inc., for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,
Ordered that the order is affirmed insofar as appealed from by the defendants Ted Doukas and Telcor Co., LLC, and insofar as cross-appealed from by the plaintiffs; and it is further,
Ordered that one bill of costs is awarded to the defendant Jay Realty Enterprises, Inc., payable by the plaintiffs.
On April 3, 2008, the plaintiffs commenced this action alleging, inter alia, that the defendant Ted Doukas “wrongfully manufactured” a deed, recorded on April 21, 2004, conveying certain real property improved by a shopping center (hereinafter the shopping center property) from the decedent Claire Stein to Doukas’s Company, Telcor Co., LLC (hereinafter Telcor). Additionally, the plaintiffs alleged that Doukas and Telcor (hereinafter together the Telcor defendants) fraudulently conveyed the shopping center property to Jay Realty Enterprises, Inc. (hereinafter Jay Realty) by deed recorded on August 21, 2007. The plaintiffs seek, among other things, to set aside the deed conveying the shopping center property to Telcor (hereinafter the Telcor deed) and the deed conveying that property from Telcor to Jay Realty. Jay Realty and the Telcor defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiffs cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against Jay Realty and the Telcor defendants. The Supreme Court denied the motion and the cross motion, and this appeal ensued.
*1028 The essence of the equitable defense of laches is prejudicial delay in the assertion of rights (see Matter of Schulz v State of New York, 81 NY2d 336, 348 [1993]; Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 318 [1956]; Wilds v Heckstall, 93 AD3d 661, 663 [2012]). “To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant” (Cohen v Krantz, 227 AD2d 581, 582 [1996]; see Meding v Receptopharm, Inc., 84 AD3d 896, 897 [2011]; Dwyer v Mazzola, 171 AD2d 726, 727 [1991]). In order for laches to apply to the failure of an owner of real property to assert his or her interest, “it must be shown that [the] plaintiff inexcusably failed to act when [he or] she knew, or should have known, that there was a problem with [his or] her title to the property. In other words, for there to be laches, there must be present elements to create an equitable estoppel” (Kraker v Roll, 100 AD2d 424, 432-433 [1984] [citations omitted]). “Equitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that belief. The property owner must inexcusably delay in asserting a claim to the property, knowing that the opposing party has changed his position to his irreversible detriment” (Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750 [2010] [internal quotation marks and citation omitted]; see Wilds v Heckstall, 93 AD3d at 664). Moreover, as the effect of delay may be critical to an adverse party, delays of even less than one year have been sufficient to warrant the application of the defense (see Matter of Schulz v State of New York, 81 NY2d at 348).
Here, Jay Realty demonstrated its prima facie entitlement to judgment as a matter of law by establishing that the doctrine of laches precluded the plaintiffs from asserting a claim against it contesting the validity of its title to the shopping center property (see White v Priester, 78 AD3d 1169, 1170-1171 [2010]). Jay Realty demonstrated that, as of February 2007, the plaintiff Douglas Stein knew of the existence of the deed conveying the shopping center property to Telcor. Further, Jay Realty demonstrated that, despite that knowledge, the plaintiffs took no action to assert their rights to the shopping center property until they commenced this action in April 2008, more than one year later. In the interim, Jay Realty, which had no knowledge of the plaintiffs’ claim to the property, relied upon the validity of the *1029 recorded Telcor deed by paying the sum of $1.425 million to purchase the shopping center property in July 2007 (see id. at 1170). In opposition to Jay Realty’s prima facie showing that the defense of laches was applicable, the plaintiffs failed to raise a triable issue of fact. Therefore, Jay Realty’s motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted (see Morris v Adams, 82 AD3d 946, 947 [2011]).
However, the Supreme Court properly denied the motion of the Telcor defendants for summary judgment dismissing the complaint insofar as asserted against them. The Telcor defendants established, prima facie, that the deed transferring the property from Claire Stein was valid. In this regard, a certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution. That presumption may be overcome only on “proof so clear and convincing as to amount to a moral certainty” (Albany County Sav. Bank v McCarty, 149 NY 71, 80 [1896]; see Beshara v Beshara, 51 AD3d 837, 838 [2008]; Paciello v Graffeo, 32 AD3d 461, 462 [2006]). In opposition to the Telcor defendants’ prima facie showing, however, the plaintiffs raised a triable issue of fact as to whether the deed transferring the shopping center property from Claire Stein to Telcor was forged (see Yuzary v WCP Wireless Lease Subsidiary LLC, 94 AD3d 679 [2012]; Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253 [1999]).
The parties’ remaining contentions either are without merit or need not be reached in light of the foregoing. Balkin, J.P., Hall, Lott and Cohen, JJ, concur.