■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of AMERIQUEST MORTGAGE SECURITIES, INC., Asset-Backed Pass Through Certificates, Series 2005-R3 Under the Pooling and Servicing Agreement Dated as of April 1, 2005, Without Recourse, Respondent, v LUCAS JOSEPH, Also Known as JOSEPH LUCAS, et al., Defendants, and NADINE JEAN et al., Appellants. [986 NYS2d 545]—

In an action to foreclose a mortgage, the defendants Nadine Jean, Erick Laurent, Raymond Laurent, Suity Daniel, Ronald Joseph, Delano Fritz Laurent, Jean Claude Laurent, and Lionel Joseph appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated January 10, 2012, as granted that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim asserted by the defendants Nadine Jean, Erick Laurent, Raymond Laurent, and Delano Fritz Laurent.

Ordered that the appeals by the defendants Suity Daniel, Ronald Joseph, Jean Claude Laurent, and Lionel Joseph are dismissed, as they are not aggrieved by the order appealed from

(*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Nadine Jean, Erick Laurent, Raymond Laurent, and Delano Fritz Laurent; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The real property that is the subject of this foreclosure action, located at 225 Franklin Avenue, Brooklyn, was formerly owned by nonparties Zaphely Joseph and Ena Joseph, who were married and held title as tenants by the entirety. The defendants Nadine Jean, Erick Laurent, Raymond Laurent, Suity Daniel, Ronald Joseph, Delano Fritz Laurent, Jean Claude Laurent, and Lionel Joseph, are children and/or distributees of Zaphely and Ena Joseph. In 1986, Zaphely obtained an ex parte foreign divorce in Haiti. Ena Joseph died in 1988. In 1989, Zaphely conveyed the entire property to a third party and, following a series of transactions, the property was acquired by the defendant Lucas Joseph, who allegedly defaulted on a mortgage held by the plaintiff. The plaintiff commenced this action on September 17, 2007, to foreclose on that mortgage. The defendants Nadine Jean, Erick Laurent, Raymond Laurent, and Delano Fritz Laurent (hereinafter the appellants) interposed an answer with a counterclaim dated January 29, 2008, asserting, inter alia, that the defendant Lucas Joseph never acquired title to the subject property and that the mortgage at issue was therefore void. This assertion was premised on their claim that they acquired title to Ena's interest in the subject property by operation of law upon her death in 1988. The plaintiff moved, inter alia, for summary judgment dismissing the counterclaim. In the order appealed from, the Supreme Court, among other things, granted that branch of the plaintiff's motion.

"The essence of the equitable defense of laches is prejudicial delay in the assertion of rights" (*Stein v Doukas*, 98 AD3d 1026, 1028 [2012]; *see Matter of Schulz v State of New York*, 81 NY2d 336, 348 [1993]; *Weiss v Mayflower Doughnut Corp.*, 1 NY2d 310, 318 [1956]; *Wilds v Heckstall*, 93 AD3d 661, 663 [2012]). " 'To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant' " (*Stein v Doukas*, 98 AD3d at 1028, quoting *Cohen v Krantz*, 227 AD2d 581, 582 [1996]; *see Meding v Receptopharm*,

*Inc.*, 84 AD3d 896, 897 [2011]; *Dwyer v Mazzola*, 171 AD2d 726, 727 [1991]). "In order for laches to apply to the failure of an owner of real property to assert his or her interest, 'it must be shown that [the] plaintiff inexcusably failed to act when [he or] she knew, or should have known, that there was a problem with [his or] her title to the property. In other words, for there to be laches, there must be present elements to create an equitable estoppel' " (*Stein v Doukas*, 98 AD3d at 1028, quoting *Kraker v Roll*, 100 AD2d 424, 432-433 [1984]). " 'Equitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that belief. The property owner must inexcusably delay in asserting a claim to the property, knowing that the opposing party has changed . . . position to his [or her] irreversible detriment' " (*Stein v Doukas*, 98 AD3d at 1028, quoting *Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC*, 78 AD3d 746, 750 [2010]; *see Wilds v Heckstall*, 93 AD3d at 664). "Moreover, as the effect of delay may be critical to an adverse party, delays of even less than one year have been sufficient to warrant the application of the defense" (*Stein v Doukas*, 98 AD3d at 1028; *see Matter of Schulz v State of New York*, 81 NY2d at 348).

Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law dismissing the counterclaim by establishing that, under the circumstances of this case, the doctrine of laches precluded the appellants from asserting a counterclaim against it contesting the validity of its mortgage based on their claim that they acquired title to Ena's interest in the subject property by operation of law upon her death in 1988 (*see Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 219 AD2d 186, 191-192 [1996]). In opposition to the plaintiff's prima facie showing, the appellants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment dismissing the appellants' counterclaim.

In light of our determination, we need not reach the appellants' remaining contentions. Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.