In an action to quiet title to certain real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated January 3, 2012, as, upon reargument, adhered to the determination in a prior order of the same court dated August 18, 2011, granting the motion of the defendant Ritchie Knop, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order dated January 3, 2012, is affirmed insofar as appealed from, with costs.
The real property at issue in this action to quiet title, located at 1392 Lincoln Place, Brooklyn, was formerly owned by nonparties Zaphely Joseph and Ena Joseph, who were married and held title as tenants by the entirety. The plaintiffs are children and/or distributees of Zaphely and Ena Joseph. In 1986, Zaphely obtained an ex parte foreign divorce in Haiti. Ena died in 1988. In February 2004, Zaphely conveyed the entire property to a third party, and, following a series of transactions, title to the property allegedly was acquired by the defendant Ritchie Knop, Inc. (hereinafter Knop). On or about June 21, 2005, the plaintiffs commenced this action to quiet title to the subject real property, claiming to have acquired title to Ena’s interest in the subject property at her death in 1988 by operation of law. Knop moved for summary judgment dismissing the complaint insofar *990 as asserted against it, asserting, inter alia, that the plaintiffs’ claim to the property was barred by laches and equitable estoppel. In an order dated August 18, 2011, the Supreme Court, inter alia, granted Knop’s motion. The plaintiffs moved for leave to reargue. In the order appealed from, the Supreme Court granted reargument and, upon reargument, adhered to its original determination.
“The essence of the equitable defense of laches is prejudicial delay in the assertion of rights” (Stein v Doukas, 98 AD3d 1026, 1028 [2012]; see Matter of Schulz v State of New York, 81 NY2d 336, 348 [1993]; Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 318 [1956]; Wilds v Heckstall, 93 AD3d 661, 663 [2012]). “ ‘To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant’ ” (Stein v Doukas, 98 AD3d at 1028, quoting Cohen v Krantz, 227 AD2d 581, 582 [1996]; see Meding v Receptopharm, Inc., 84 AD3d 896, 897 [2011]; Dwyer v Mazzola, 171 AD2d 726, 727 [1991]). “In order for laches to apply to the failure of an owner of real property to assert his or her interest, ‘it must be shown that [the] plaintiff inexcusably failed to act when [he or] she knew, or should have known, that there was a problem with [his or] her title to the property. In other words, for there to be laches, there must be present elements to create an equitable estoppel’ ” (Stein v Doukas, 98 AD3d at 1028, quoting Kraker v Roll, 100 AD2d 424, 432-433 [1984]). “ ‘Equitable estoppel arises when a property owner stands by without objection while an opposing party asserts an ownership interest in the property and incurs expense in reliance on that belief. The property owner must inexcusably delay in asserting a claim to the property, knowing that the opposing party has changed . . . position to his [or her] irreversible detriment’ ” (Stein v Doukas, 98 AD3d at 1028, quoting Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750 [2010]; see Wilds v Heckstall, 93 AD3d at 664). “Moreover, as the effect of delay may be critical to an adverse party, delays of even less than one year have been sufficient to warrant the application of the defense” (Stein v Doukas, 98 AD3d at 1028; see Matter of Schulz v State of New York, 81 NY2d at 348).
Here, Knop demonstrated its prima facie entitlement to judgment as a matter of law by establishing that, under the circum *991 stances of this case, the doctrine of laches precluded the plaintiffs from asserting a claim against it contesting the validity of its title to the subject property premised on their alleged acquisition of Ena’s interest in the subject property by operation of law upon her death in 1988 (see Congregation Yetev Lev D’Satmar v 26 Adar N.B. Corp., 219AD2d 186, 191-192 [1996]). In opposition to Knop’s prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Accordingly, the Supreme Court, upon reargument, properly adhered to its original determination granting Knop’s motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not reach the plaintiffs’ remaining contentions.
Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.