Kverel v Silverman (2019 NY Slip Op 04152)





Kverel v Silverman


2019 NY Slip Op 04152


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-10744
2016-04084
 (Index No. 5226/15)

[*1]Eugene Kverel, et al., respondents,
v
Philip Silverman, appellant.


Spolzino Smith Buss & Jacobs LLP, Yonkers, NY (Robert A. Spolzino of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray of counsel), for respondents.



DECISION & ORDER
In an action for injunctive relief, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated August 25, 2015, and (2) an order of the same court dated March 1, 2016. The order dated August 25, 2015, insofar as appealed from, granted the plaintiffs' motion for a preliminary injunction and denied the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the amended complaint. The order dated March 1, 2016, insofar as appealed from, denied the defendant's motions for leave to renew his opposition to the plaintiffs' motion for a preliminary injunction and to increase the amount of the undertaking posted by the plaintiffs.
ORDERED that the order dated August 25, 2015, is reversed insofar as appealed from, on the law, the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the amended complaint is granted, the plaintiffs' motion for a preliminary injunction is denied as academic, and so much of the order dated March 1, 2016, as denied the defendant's motions for leave to renew his opposition to the plaintiffs' motion for a preliminary injunction and to increase the amount of the undertaking posted by the plaintiffs is vacated; and it is further,
ORDERED that the appeal from the order dated March 1, 2016, is dismissed as academic in light of our determination on the appeal from the order dated August 25, 2015; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiffs own and reside at 16 Southway Drive in the Town of Southampton. In October 2010, the defendant entered into a residential contract of sale with nonparty Nicolette Property Associates (hereinafter Nicolette) to purchase an adjacent property, located at 24 Southway Drive, which, at that time, was undeveloped (hereinafter the subject property). The defendant retained an architect, Eric Woodward, to prepare building plans for the construction of a dwelling on the subject property. In February 2012, the defendant applied for a building permit to construct a "single family residence w/ attached 2-car garage, 2nd floor deck, swimming pool and spa, pool [*2]house w/ attached screened porch, garage roof terrace and outdoor shower" on the subject property.
On May 8, 2012, a building permit was issued for the defendant's construction on the subject property. On July 5, 2012, the plaintiff Eugene Kverel filed an administrative appeal with the Town Zoning Board of Appeals (hereinafter the ZBA) challenging the issuance of the building permit on the ground, inter alia, that the dwelling "contains 3 stories in violation of the maximum 2 story limitation set forth in section 330-11 and 330-5 of the Southampton Town Code."
In response, in August 2012, Woodward submitted an application to amend the building permit, along with revised building plans. The application was approved. On September 19, 2012, Kverel's attorney notified the ZBA that Kverel was withdrawing his administrative appeal. Kverel's attorney stated that "[Kverel] and his architect have reviewed the revised plans and amended building permit application filed in the Building Department as of August 2012, and the revised plans and modifications appear to be in substantial compliance with the Town Building and Zoning Code." Notwithstanding Kverel's withdrawal of his administrative appeal, the defendant stated in an affidavit that he was "aware . . . that Plaintiffs still opposed construction of the House" and that "the zoning challenge to the Building Permit was only one part of Plaintiffs' overall strategy to prevent [him] from building the House." It was the plaintiffs' position that, pursuant to certain restrictive covenants contained in an indenture dated January 14, 1974, the defendant was required to obtain the plaintiffs' approval before constructing a dwelling on the subject property.
In December 2012, the defendant, as contract vendee, and Nicolette, as owner of the property, commenced an action against, among others, the plaintiffs seeking a judgment declaring, inter alia, that the plaintiffs were not entitled to enforce the restrictive covenants regarding the subject property. In March 2013, the parties entered into a stipulation of settlement (hereinafter the stipulation), which was so-ordered by the court, pursuant to which the plaintiffs agreed to entry of a judgment declaring, inter alia, that the defendant and Nicolette "are entitled to build upon the Premises any single family residence for which they have obtained a building permit from the Town . . . , whether the residence is the one currently planned by [defendant] or one larger and more extensive so long as it complied with Town . . . law, ordinances, and regulations."
In April 2013, the defendant purchased the subject property from Nicolette for the sum of $500,000. The building permit was amended in May 2013, and again in November 2013. In or around July 2014, the defendant advertised the sale of a home to be built on the subject property and included architectural renderings of the proposed home. The defendant had offered to sell the subject property to the plaintiffs, but the parties were unable to reach an agreement. Construction began in or around August 2014. In February 2015, the building permit was amended yet again.
In March 2015, the plaintiffs commenced this action to "enjoin [the defendant] from constructing a home . . . that violates the [Town] Code." The plaintiffs simultaneously moved to preliminarily "enjoin[ ] [the defendant] from constructing the top floor of the structure being built [on the subject property]." The defendant opposed the plaintiffs' motion and cross-moved pursuant to CPLR 3211(a) to dismiss the amended complaint. The plaintiffs subsequently filed an amended complaint, which was substantially similar to the original complaint except that it included an allegation that the subject property was a substandard lot in an R-60 residential zone. The defendant answered and interposed a counterclaim alleging that the plaintiffs breached the stipulation entered into between the parties.
By order dated August 25, 2015, the Supreme Court, inter alia, granted the plaintiffs' motion for a preliminary injunction and denied the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint, and directed the plaintiffs to post an undertaking in the amount of $10,000. In October 2015, the defendant moved to increase the amount of the undertaking posted by the plaintiffs to the sum of $459,800. In November 2015, the defendant moved, inter alia, for leave to renew his opposition to the plaintiffs' motion for a preliminary injunction. By order dated March 1, 2016, the Supreme Court denied the defendant's motions. The defendant appeals from the orders dated August 25, 2015, and March 1, 2016.
" To establish laches, a party must show: (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant'" (Stein v Doukas, 98 AD3d 1026, 1028, quoting Cohen v Krantz, 227 AD2d 581, 582; see Deutsche Bank Natl. Trust Co. v Joseph, 117 AD3d 982, 983). " The mere lapse of time without a showing of prejudice will not sustain a defense of laches. In addition, there must be a change in circumstances making it inequitable to grant the relief sought'" (Markell v Markell, 91 AD3d 832, 834, quoting Skrodelis v Norbergs, 272 AD2d 316, 316 [internal citations omitted]). "Moreover, as the effect of delay may be critical to an adverse party, delays of even less than one year have been sufficient to warrant the application of the defense" (Stein v Doukas, 98 AD3d at 1028).
Here, the defendant demonstrated that the action was barred by the doctrine of laches. The plaintiffs commenced this action nearly three years after the building permit was first issued in May 2012 and after Kverel withdrew his administrative appeal, two years after the parties entered into the stipulation, and more than six months after construction purportedly commenced in August 2014. Although the building permit was amended several times thereafter and as late as February 2015, the record demonstrates that the plaintiffs were aware as early as July 2012, when the subject property remained undeveloped and before the defendant purchased the subject property, of their claim that the defendant's construction was in violation of the Town Code. Although the record unequivocally demonstrates that the plaintiffs were opposed to the defendant's construction on the subject property, the plaintiffs did not seek administrative review by the ZBA or injunctive relief until they commenced this action. There is no indication in the record that, after Kverel withdrew his administrative appeal in September 2012, and after the parties entered into the stipulation in March 2013, the defendant had any knowledge that the plaintiffs would reassert their claim that the construction on the subject property was in violation of the Town Code on the ground that the dwelling had three stories. Moreover, contrary to the plaintiffs' contention, the defendant established that he would be prejudiced by their undue delay in challenging the construction.
"Given [the plaintiffs'] delay in seeking to safeguard [their] interests and [their] failure to offer any viable reason for [their] failure to act sooner," the doctrine of laches serves as a bar to this action (Matter of Cromwell v Zoning Bd. of Appeals of the Town of Queensbury, 151 AD3d 1247, 1250; see Matter of Birch Tree Partners, LLC v Zoning Bd. of Appeals of Town of E. Hampton, 106 AD3d 1083, 1084; Matter of Miner v Town of Duanesburg Planning Bd., 98 AD3d 812, 813-814; Matter of Clarke v Town of Sand Lake Zoning Bd. of Appeals, 52 AD3d 997, 999-1000).
Accordingly, the Supreme Court should have granted the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the amended complaint and should have denied the plaintiffs' motion for a preliminary injunction.
The defendant's remaining contentions need not be reached in light of our determination.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.

2015-10744 DECISION & ORDER ON MOTION
2016-04084
Eugene Kverel, et al., respondents,
v Philip Silverman, appellant.
(Index No. 5226/15)

Motion by the respondents to dismiss appeals from two orders of the Supreme Court, Suffolk County, dated August 25, 2015, and March 1, 2016, respectively, on the ground that they have been rendered academic by an order of the same court dated December 11, 2017. By decision and order on motion of this Court dated March 2, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is denied.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court