24-2078-cv
Clark v. Hemphill Artworks, LLC

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand twenty-five.

PRESENT:  REENA RAGGI,
                    RAYMOND J. LOHIER, JR.,
                    SUSAN L. CARNEY,
                            *Circuit Judges*.

------------------------------------------------------------------

GWENDOLYN CLARK,

                    *Plaintiff-Appellant*,

            v.                                                            No. 24-2078-cv

HEMPHILL ARTWORKS, LLC, DOING BUSINESS AS HEMPHILL FINE ART, GEORGE HEMPHILL, MNUCHIN GALLERY LLC, JOHN DOES 1-5, ABC CORPS 1-5,

                    *Defendants-Appellees*,

DOGWOOD BLOSSOM ALONG SKYLINE
DRIVE, 1973, OIL ON CANVAS, 60X54 IN, BY
ALMA THOMAS,

*Defendant-in-rem-Appellee.\**

-------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: CARTER REICH, Carter Reich, P.C., New York, NY

FOR HEMPHILL APPELLEES: L. EDEN BURGESS (Thomas R. Kline, *on the brief*), Schindler Cohen & Hochman LLP, New York, NY

FOR APPELLEE MNUCHIN: ERIC W. MORAN, Greenberg Traurig, LLP, Florham Park, NJ (Ronald M. Green, Shruti Panchavati, Epstein Becker & Green, P.C., New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part and **VACATED** in part, and the matter is **REMANDED** for further proceedings consistent with this order.

Plaintiff Gwendolyn Clark appeals from that part of a March 18, 2024 judgment

---

\* The Clerk is directed to amend the caption as shown above.

dismissing on laches grounds her complaint against Hemphill Artworks, LLC, George Hemphill, Mnuchin Gallery LLC (collectively, "Defendants"), and other unnamed defendants. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Clark's complaint concerns the rightful ownership of a painting by famed Washington, D.C.-based artist Alma Thomas, called "Dogwood Blossom Along Skyline Drive" (the "Artwork"). Clark purchased the Artwork with her late husband Wallace Clark ("Wallace") in 1976 from the Franz Bader Gallery in Washington, D.C. Clark alleges that, before their permanent separation in 1981, Wallace removed the Artwork from their marital home. Although Clark secured a court order in 1982 requiring Wallace to return the Artwork, he never did so. Between 1982 and Wallace's death in 2008, Clark never sought to recover the Artwork from Wallace himself, allegedly because Wallace had physically and psychologically abused Clark during the marriage. Instead, Clark "spent over 25 years visiting art galleries in Washington D.C. and making inquiries about the Artwork to no avail." Compl. ¶¶ 15–18, 23. Upon Wallace's death, Clark discovered that he no longer possessed the Artwork and widened her search.

In 2016, she told an employee of Hemphill Fine Arts—a Washington, D.C. art gallery owned by George Hemphill—that she was searching for the Artwork, and the employee agreed to help her. Thereafter, in January 2019, a representative of the

3

Mnuchin Gallery contacted Clark's daughter to ask whether the Artwork was still "in [Wallace's] collection"; Clark's daughter explained that the Artwork was lost but that Clark was still searching for it. *Id.* ¶ 31. In September 2019, Clark discovered that the Mnuchin Gallery in fact possessed the Artwork and planned to exhibit it in New York City. George Hemphill then informed Clark that he had purchased the Artwork from an unnamed client in June 2019, re-sold it, and facilitated its consignment to the Mnuchin Gallery.

Clark commenced this lawsuit in September 2022, alleging various New York common law claims for replevin, conversion, fraud and fraudulent concealment, and unjust enrichment. Defendants moved to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and on the affirmative equitable defense of laches. As relevant here, the District Court concluded that Clark failed to state a claim as to each cause of action except conversion to the extent that claim was based on Defendants' bad faith,[1] and that laches warranted dismissal of the entire complaint in any event. The District Court also denied Clark's cross-motion for leave to amend "because the Court's laches finding is not subject to cure." *Clark v. Hemphill Artworks, LLC*, No. 22-cv-07537, 2024 WL 1157170, at *15

---

[1] To the extent the complaint alleged conversion by good faith purchasers for value, the District Court concluded Clark had failed to allege that she demanded the Artwork's return as required under New York Law. *See Mut. Benefits Offshore Fund, Ltd. v. Zeltser*, 172 A.D.3d 648, 652, 103 N.Y.S.3d 367, 372 (1st Dep't 2019) ("[A] lawful possessor cannot be charged with conversion until after a demand and refusal to return the property."). Clark has not appealed that ruling.

(S.D.N.Y. Mar. 16, 2024). Clark appeals the judgment only insofar as the District Court dismissed her conversion claim on laches grounds. Thus, we affirm the judgment of dismissal in all other respects and here consider only the dismissal of Clark's conversion claim based on laches.

Laches is an affirmative defense that may be raised "in a pre-answer Rule 12(b)(6) motion," *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008), and "decided 'as a matter of law' when 'the original owner's lack of due diligence and prejudice to the party currently in possession are apparent'" on the face of the complaint, *Zuckerman v. Metro. Museum of Art*, 928 F.3d 186, 193 (2d Cir. 2019) (quoting *Peters v. Sotheby's Inc.*, 34 A.D.3d 29, 39, 821 N.Y.S.2d 61, 69 (1st Dep't 2006)). We review *de novo* the dismissal of a complaint based on laches, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Zuckerman*, 928 F.3d at 192–93.

"The doctrine of laches protects defendants against unreasonable, prejudicial delay in commencing suit." *Id.* at 193 (alteration adopted and quotation marks omitted). The District Court concluded that Clark unreasonably delayed 26 years in asserting her rights to the Artwork against Defendants because "she made no effort to recover the [Artwork]" from Wallace despite the court order requiring him to return it to her possession and "first took steps to recover the [Artwork]" only after his death in 2008. *Clark*, 2024 WL 1157170, at *9. The District Court concluded this delay was prejudicial to Defendants as to all of

Clark's claims, including her conversion claim against Defendants, because Wallace is now dead and "thus unavailable to testify regarding the circumstances in which the [Artwork] was purchased; whether and when he removed the [Artwork] from the marital home; his understanding of the 1982 [court order]; whether he ever returned the [Artwork] to the marital home; whether he ever discussed the [Artwork] with Plaintiff during their marriage and after their separation; and the circumstances under which he sold the [Artwork] in 1983." *Id.* at *10. Clark argues that the District Court erred with respect to her conversion claim because, *inter alia*, Defendants "were aware that [Clark] was searching for the [Artwork] and asserting an ownership claim before they converted [it] for their benefit." Appellant Br. at 30–31. We agree.

Even assuming unreasonable delay by Clark in attempting to recover the Artwork from her late husband—a point we need not decide—under New York law, Defendants cannot prevail on a laches defense at the motion to dismiss stage if Clark plausibly alleged that they had "knowledge or notice . . . that the complainant would assert his or her claim for relief." *Kverel v. Silverman*, 172 A.D.3d 1345, 1348, 102 N.Y.S.3d 641, 644 (2d Dep't 2019) (citation omitted), *leave to appeal denied*, 34 N.Y.3d 904, 114 N.Y.S.3d 280 (2019).[2] Clark's

---

[2] New York's Second and Third Appellate Departments have framed "lack of knowledge or notice" on the part of the party asserting laches as one of four required elements. *See id.*; *accord 101CO, LLC v. N.Y. State Dep't of Env't Conservation*, 169 A.D.3d 1307, 1310, 95 N.Y.S. 3d 404, 408 (3d Dep't 2019). New York's Court of Appeals has neither adopted nor explicitly repudiated this formulation and, instead, retains the two-pronged test of

complaint alleges that both the Hemphill and Mnuchin Defendants knew of Clark's claim to the Artwork before they converted it. Defendants therefore cannot establish a laches defense as a matter of law at this stage of the litigation. *See In re Flamenbaum*, 22 N.Y.3d at 966, 978 N.Y.S.2d at 710; *Cohen v. Krantz*, 227 A.D.2d 581, 583, 643 N.Y.S.2d 612, 614 (2d Dep't 1996) (holding laches inapplicable where "defendants were on notice" of plaintiff's claim). Accordingly, Clark's conversion claim should not have been dismissed based on laches.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the matter is **REMANDED** to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

"unreasonable delay" and "prejudice," *Weiss v. Mayflower Doughnut Corp.*, 1 N.Y.2d 310, 318, 152 N.Y.S.2d 471, 476 (1956), in which a defendant's knowledge of the plaintiff's claim is a nondispositive factor in the prejudice determination, *see In re Flamenbaum*, 22 N.Y.3d 962, 966, 978 N.Y.S.2d 708, 710 (2013) (holding that "Estate failed to demonstrate the essential element of laches, namely prejudice" given "evidence that at least one family member (decedent's son) was aware that the tablet belonged to the Museum." (internal quotation marks and citation omitted)). Thus, regardless of the number of prongs to New York's laches test, a defendant cannot prevail on a laches defense at the motion to dismiss stage, where, as here, the complaint pleads that the defendant had knowledge of the plaintiff's claim before acquiring the disputed chattel. That conclusion alone requires vacatur of the district court's judgment in this case.

7